IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BARTON T. CORBIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 114-036 |
| | ) |
| DOUGLAS WILLIAMS, Warden, | ) |
| | ) |
| Respondent. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition, challenging judgments in both Gwinnett and Richmond Counties entered on the same date, was originally brought in the Northern District of Georgia. (Doc. nos. 1, 2.) United States District Judge Orinda D. Evans simultaneously granted Respondent's motion to dismiss the challenge to the Gwinnett County judgment as untimely and transferred Petitioner's challenge to the Richmond County judgment to this District because only this District has jurisdiction over that challenge. (See generally doc. no. 2.) Before the Court is Respondent's motion to dismiss the petition as untimely, (doc. no. 7), to which Petitioner has not filed any opposition. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

**I.     BACKGROUND**

On December 22, 2004, a Richmond County grand jury indicted Petitioner for malice murder and felony murder in relation to the murder of Dorothy Carlisle Hearn.[1] (Doc. no. 8-5, pp. 80-82.)  On January 5, 2005, a Gwinnett County grand jury indicted Petitioner for malice murder, felony murder, and possession of a firearm during the commission of a felony in relation to the murder of Jennifer Corbin.  (Id. at 73-76.)  On September 15, 2006, Petitioner, his counsel, and the district attorneys for both counties consented to disposition of the Richmond County case before the judge presiding over the Gwinnett County case.  (Id. at 83-84.)  That same day, Petitioner pled guilty to (1) the charge of malice murder in the Gwinnett County case, and (2) the charge of malice murder in the Richmond County case.  (Id. at 72, 77-78.)  The remaining Gwinnett County charges were dismissed through entry of an order of *nolle prosequi* and the remaining Richmond County charge of felony murder was merged by operation of law.  (Id. at 72, 79.)  That same day, the presiding judge in the Gwinnett County case sentenced Petitioner to life in both cases, with the sentences to run concurrently.  (Id. at 72, 77-78.)  Petitioner did not appeal either judgment of conviction.  (Doc. no. 1, p. 2.)

On August 8, 2007, Petitioner filed a state habeas corpus petition in the Superior Court of Chattooga County.  (Doc. no. 8-1.)  Following an evidentiary hearing on March 26, 2012, the state habeas court denied Petitioner's claims in an order dated March 15, 2013,

---

[1] Much of the information and dates pertaining to this petition have already been established by Judge Evans, (doc. no. 2).  See also Corbin v. Williams, 1:13-cv-03462-ODE, doc. no. 11 (N.D. Ga. Jan. 7, 2014).

which Petitioner received on March 19, 2013. (Doc. no. 8-2; doc. no. 1-1, pp. 24, 26.) This order informed Petitioner that if he wished to challenge the decision he had thirty days from March 15, 2013, to file with the Superior Court a notice of appeal and to file with the Georgia Supreme Court an application for a certificate of probable cause to appeal. (Doc. no. 8-2, pp. 17-18.)

On April 8, 2013, Petitioner mailed to the Georgia Supreme Court his application for a certificate of probable cause to appeal. (Doc. no. 1-1, p. 24.) Petitioner did not include with the application a filing fee or a motion to proceed *in forma pauperis*. (Id.; see doc. no. 8-4.) The Georgia Supreme Court would not accept the application and returned it to Petitioner. (Doc. no. 1-1, pp. 24-25.) Petitioner received the returned application on April 16, 2013 and requested issuance of a check or money order from his prison account. (Id. at 24-26.) Petitioner received the check on May 9, 2013, and mailed it with his application to the Georgia Supreme Court. (Id. at 26.) The Georgia Supreme Court received the application and check on May 14, 2013. (Doc. no. 8-3.) The Georgia Supreme Court denied Petitioner's application as untimely on October 7, 2013 because, pursuant to Georgia Supreme Court Rules 5 and 13, the application could not be accepted for filing until May 14, 2013, when it was properly submitted with the filing fee. (Doc. no. 8-4.)

Petitioner signed the instant federal petition on October 11, 2013, and the Clerk of Court filed the petition on October 18, 2013.[2] (See doc. no. 1, pp. 1, 9, 10.) Petitioner claims his pleas were invalid and that the State, through the Department of Corrections, impeded his ability to seek review in the Georgia Supreme Court of the denial of his state habeas petition. (Doc. no. 1, pp. 4, 7-8; doc. no. 1-1, pp. 5-23.) Recognizing that the timeliness of his petition is an issue, Petitioner asserts that the state's "external impediment occurred on the date when Petitioner's withdrawal request for money order for [the Georgia] Supreme Court [was] delayed due to no fault of his own and [due to] institutional procedure" and caused the dismissal of his application. (Doc. no. 1, p. 8.) Respondent asserts in his motion to dismiss that the petition should be dismissed as time-barred under 28 U.S.C. § 2244(d). (See doc. no. 7.) Petitioner has not filed any opposition to this motion.

## II.   DISCUSSION

### A.   The Instant Petition Should Be Dismissed as Time-Barred.

Pursuant to 28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2]"Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 (11th Cir. 2009). Because Petitioner does not state when he gave his petition to prison officials for mailing, he is presumed to have done so on the day he signed it, October 11, 2013. See Washington v. U.S., 243 F.3d 1299, 1301 (11th Cir. 2001).

4

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a direct appeal, his September 15, 2006 Richmond County conviction became "final" when the thirty-day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's conviction became final on October 16, 2006, thirty-one days after the state court entered judgment on his guilty plea and sentenced him. Because the thirtieth day was a Sunday, the conviction became final on Monday October 16, 2006. See O.C.G.A. § 1-3-1(d)(3); Stancil v. Kendrix, 378 S.E.2d 417, 418 (Ga. Ct. App. 1989).

The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380,

1383 (11th Cir. 2006). Here, Petitioner filed his state habeas petition on August 8, 2007, 296 days after his conviction became final, and it was denied on March 15, 2013. (Doc. nos. 81, 8-2.) The statute of limitations period was tolled during this time, but began to run again on April 15, 2013, when the time to apply for a certificate of probable cause to appeal expired. Petitioner mailed the application for a certificate of probable cause to appeal on April 8, 2013, but the Georgia Supreme Court refused and returned the application because Petitioner did not include the filing fee or a motion to proceed *in forma pauperis*. Petitioner received the returned application on April 16, 2013, the day after expiration of the deadline to file the application for a certificate of probable cause to appeal.

Only "a properly filed application for State post-conviction or other collateral review" tolls the federal limitations period under 28 U.S.C § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, . . . and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000). "[A] petitioner's state court habeas corpus filing is not 'properly filed' within the meaning of § 2244(d)(2) if the state court has determined that the petitioner's state court filing did not conform with the state's filing deadlines." Hill v. Jones, 242 F. App'x 633, 635 n.6 (11th Cir. 2007) (citing Stafford v. Thompson, 328 F.3d 1302, 1305 (11th Cir.2003)). Georgia law states "[t]he Clerk [of the Georgia Supreme Court] is prohibited from receiving or filing an application . . . unless the costs have been paid" or sufficient evidence of indigency is filed. Ga. Sup. Ct. R. 5; see also Fullwood v. Sivley, 517 S.E.2d 511, 514 (Ga.

1999) (finding requirement that application for certificate of probable cause to appeal be submitted timely in accordance with state law is a jurisdictional one).

Because Petitioner did not comply with the state-law requirements that he submit either the filing fee or proof of indigency with his application for a certificate of probable cause to appeal before April 15, 2013, the application was not "properly filed" under 28 U.S.C. § 2244(d)(2) and thus did not toll the statute of limitations. See Artuz, 531 U.S. at 8; Smith v. Comm'r, Ala. Dep't of Corr., 703 F.3d 1266, 1270-71 (11th Cir. 2012), *cert denied*, 134 S. Ct. 513 (2013) (holding petition filed without filing fee or motion to proceed *in forma pauperis* in accordance with state rules was not "properly filed" under § 2244(d)(2) and did not toll the statute of limitations); Bailey v. Barrow, No. CV 105-027, 2005 WL 2397813, at *3 (S.D. Ga. Sept. 8, 2005) ("A state prisoner's failure to satisfy conditions to filing, such as making applicable fee payments or complying with procedures for proceeding *in forma pauperis,* forecloses the possibility of tolling under § 2244(d)(2)."), *report and recommendation adopted*, CV 105-027, 2005 WL 2428177 (S.D. Ga. Sept. 30, 2005). Moreover, this Court is bound by the state court's determination that Petitioner's application for a certificate of probable cause to appeal was untimely. See Hill, 242 F. App'x at 635 n.6 (finding that petitioner was not entitled to statutory tolling for an improperly filed appeal of the denial of his state habeas petition).

Petitioner then waited until October 11, 2013 to file the instant petition. Adding this time from April to October to the above-referenced 296 days between his "final" conviction date and when he filed his state habeas corpus petition, the instant § 2254 petition was filed

by Petitioner more than one year after the limitations period began to run, and is, therefore, untimely.

### B. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.

Three exceptions may delay or reset the AEDPA one-year statute of limitations: (1) a newly discovered factual predicate for a petitioner's claim that could not have been discovered earlier through the exercise of due diligence; (2) the State has created some "impediment" to filing the application; or (3) the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). As explained above, Petitioner has not alleged facts that satisfy any of these three exceptions, and thus there is no basis for statutory tolling of AEDPA's one-year statute of limitations.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The

8

petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011); Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006).

Consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1985)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Rozzelle v. Sec'y, Florida Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citing Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)). In addition, to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. Id. at 1017.

Here, Petitioner argues that he is entitled to equitable tolling because the prison procedure governing the processing of checks from inmates' accounts impeded his ability to get the check after the Georgia Supreme Court returned his application for a certificate of probable cause to appeal for failure to pay the filing fee or move to proceed *in forma pauperis*. (Doc. no. 1-1, pp. 24-27.) This argument fails to satisfy the equitable tolling exception. Petitioner cannot show that he was pursuing his rights diligently or that an

9

extraordinary circumstance stood in his way and prevented timely filing. Judge Evans, likewise, considered and rejected this argument as it pertained to Petitioner's Gwinnett County judgment, (doc. no. 2). See also Corbin v. Williams, 1:13-cv-03462-ODE, doc. no. 11 (N.D. Ga. Jan. 7, 2014). Petitioner has not responded to Respondent's motion to dismiss in this case and, therefore, has not provided any new or different information as to this argument.

Petitioner received the order denying his state habeas corpus petition and informing him of the April 15 deadline for filing an application for a certificate of probable cause to appeal on March 19, 2013. (Doc. no. 1-1, pp. 24, 26.) Petitioner thus had almost thirty days to request a check or money order from his prison account to include with the application. Nevertheless, Petitioner never made this request, but instead mailed his application on April 8, 2013, one week before the deadline, without including payment for the filing fee. Petitioner fails to identify any impediment outside his control that prevented him from submitting the application earlier or properly requesting payment from his prison account before he submitted his application. See, e.g, Hill, 242 F. App'x at 636 (finding petitioner was not entitled to equitable tolling for misaddressing his notice of appeal of the denial of his state habeas petition that caused the appeal to be filed untimely because "the error was both within [petitioner's] control and avoidable by him with even minimal diligence"). Indeed, Petitioner finds fault with the process in obtaining the check after his application was refused by the Georgia Supreme Court and returned to him on April 16, 2013. By that time, his deadline to file an application for a certificate of probable cause to appeal had expired. The alleged impediments that took place after April 16, 2013, thus are inconsequential to

Petitioner's failure to timely file his application for a certificate of probable cause to appeal by April 15, 2013.

In sum, Petitioner fails to show that he was pursuing his rights diligently or that an extraordinary circumstance stood in his way and prevented timely filing of his application by April 15, 2013. Further, Petitioner has not presented any evidence, much less new evidence, to suggest that a fundamental miscarriage of justice has occurred. Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 17th day of September, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA